COUNTY OF CAMDEN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE BOARD OF EDUCATION OF THE VOCATIONAL SCHOOL IN THE COUNTY OF CAMDEN, &c., PLAINTIFFS-APPELLANTS, v. THE PENNSAUKEN SEWERAGE AUTHORITY, A PUBLIC BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 30, 1953—Decided December 15, 1953.

Before Judges JAYNE, FRANCIS and FREUND.

*Mr. Edward T. Curry* argued the cause for the plaintiff-appellant Board of Education of the Vocational School in the County of Camden (*Mr. Vincent L. Gallaher,* attorney for plaintiff-appellant County of Camden).

*Mr. Arthur W. Lewis* argued the cause for the defendant respondent (*Messrs. Lewis and Hutchinson,* attorneys).

The opinion of the court was delivered by

FREUND, J. S. C. (temporarily assigned). The plaintiffs appeal from a judgment for the defendant on the ground that the defendant discriminated against the plaintiffs in levying and collecting sewer service charges for the plaintiffs' institutions, while exempting from such charges the public schools and other public buildings of the Township of Pennsauken.

The plaintiffs maintain within the Township of Pennsauken the County Detention Home and the County Vocational School, both of which serve the entire county, as well as some municipalities outside the County of Camden. Each institution is supported by county funds; in addition, the vocational school receives funds from the state and federal governments. Formerly, the Township of Pennsauken owned the sewerage system now owned and operated by the defendant, and for over 20 years furnished sewerage disposal service to the plaintiffs at a nominal charge. The Pennsauken Township schools and other public buildings of the township were not charged for sewerage disposal service.

In 1950, pursuant to *R. S.* 40:14A–1 *et seq.,* the Township of Pennsauken created the Pennsauken Sewerage Authority and conveyed to it the sewerage disposal system and 14 acres of vacant land, of a valuation of more than $2,500,000, paid for by the taxpayers of the township. The

Sewerage Authority is an agency of the Township of Pennsauken and holds title to its property for the township. By resolution adopted on April 5, 1951 the authority formally adopted a schedule of annual sewer service charges for all facilities, and by resolution of February 19, 1952 it exempted therefrom the public schools, fire houses and other buildings owned by the township.

The appellants argue that the resolution of February 19, 1952 was contrary to R. S. 40:14A–8(b) in that either no exemption should have been granted to the township-owned buildings or the same exemption should have been made applicable to all public buildings including the plaintiffs', and that, accordingly, the resolution was invalid as constituting an arbitrary discrimination.

Concededly, the sewerage authority was created by the Township of Pennsauken by an ordinance adopted pursuant to R. S. 40:14A–1 et seq., and was thus constituted "an agency and instrumentality of said municipality," R. S. 40:14A–4(b). The legislation is not challenged, but the appellants argue that the statute indicates a legislative intent that all users of the same type, class and amount shall be charged substantially on the same basis and such charges shall be uniform for the same type, class and amount of use or service. Therefore, the appellants reason that the authority is not authorized to exempt the township public buildings while charging other public buildings, and that uniformity of application of charges would require either that all public buildings of the township be charged for sewerage service or that all public buildings be exempt from such charges.

Here, we have two separate public bodies—the County of Camden and the Township of Pennsauken. The sewerage system was, and is, the property of the Township of Pennsauken, and its acquisition and cost was paid for by the taxpayers of that municipality, for whose benefit the sewerage authority was established. Prior to the creation of the sewerage authority, the custom of the Township of Pennsauken, in accordance with long-established municipal public

policy, was to exempt its public buildings from sewer service charges. The appellants fail to show any contribution by the County of Camden toward the cost and operation of the sewerage system. While there is a dearth of authority in this State on the subject, the following is of interest:

"Although at common law a public utility was under no duty to furnish service at free or reduced rates for public or charitable purposes, the view frequently supported is that discriminations in favor of the public are not opposed to public policy, because they benefit the people generally by relieving them of part of their burdens, and that in the absence of legislation upon the subject, such discriminations cannot be held illegal as a matter of law. In a number of cases, therefore, it has been held that it does not constitute an unlawful discrimination for public utility or municipal corporations furnishing public service to give free service or reduced rates to or for public, municipal, charitable, or religious institutions or purposes." 43 *Am. Jur., Public Utilities and Services* 685, § 174.

*R. S.* 40:14A–35 states that the Sewerage Authority Law "shall be construed liberally." We think that when the Legislature authorized service charges and used the words "as the sewerage authority shall deem practicable and equitable," *R. S.* 40:14A–8(*b*), that provision, when read with other parts of the legislation, conferred upon the authority an element of discretion in defining classes of customers and of services, and the rates payable by any class, as well as the authority to exempt township property from payment of sewerage service charges. The right of a municipality owning its own sewerage disposal plant to exempt its own public buildings from payment of sewerage disposal charges can hardly be doubted. Why should a municipality take money from its own taxpayers and with it pay itself for the disposal of its own sewerage? *Gericke v. City of Philadelphia*, 353 *Pa.* 60, 44 *A.* 2d 233 (*Sup. Ct. Pa.* 1945).

The appellants further argue that the action of the township constituted an arbitrary discrimination against them. It is obvious that the authority in establishing rates classified differently the township's buildings and the plaintiffs' county

institutions. But such action was not unlawful discrimination, for the township's buildings are maintained by funds derived from the taxpayers of the township, while the county institutions, although located within the township, are for the use, benefit and service of not only the entire County of Camden, but in some instances municipalities outside the County of Camden. *Ring v. North Arlington,* 136 *N. J. L.* 494 (*Sup. Ct.* 1948), affirmed 1 *N. J.* 24 (1948); *Lane Distributors, Inc. v. Tilton,* 7 *N. J.* 349 (1951). Although the statute does not expressly provide for exemptions, we are satisfied that it vests the authority with broad discretion, and we see no abuse thereof. *Citizens to Protect Public Funds v. Board of Education of Parsippany-Troy Hills,* 13 *N. J.* 172 (1953).

Judgment affirmed.